UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:23-cv-83

| STEPHANIE WALKER, | ) | |
|---|---|---|
| | ) | **DEFENDANT CITY OF** |
| Plaintiff, | ) | **CHARLOTTE'S REPLY TO** |
| | ) | **PLAINTIFF'S RESPONSE IN** |
| v. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| CITY OF CHARLOTTE, | ) | **AMENDED COMPLAINT** |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant City of Charlotte, ("Defendant" or the "City"), by and through undersigned counsel, and submits this Reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PROCEDURAL BACKGROUND

The procedural history of this case is set forth in Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss. (DE 15-1, pages 4 – 5). In the interest of brevity, Defendant respectfully refers the Court to this prior filing. In addition, since the time of filing Defendant's Motion to Dismiss, Plaintiff filed a Response to Defendant's Motion to Dismiss (hereinafter "Plaintiff's Response"). (DE 16). Following a Consent Motion for an Extension of Time to submit a Reply (DE 17), which was granted by the Court (DE 18), Defendant now timely files this Reply Brief.

## LEGAL ARGUMENT

I. **Plaintiff's argument that the Release is invalid is incorrect and unpersuasive.**

   A. **Plaintiff has failed to refute that the Release constitutes a contractual waiver of her claims.**

Plaintiff appears to confuse the fact that legal interpretation of the signed Release is governed by contract principals with case law governing the enforceability of terms of actual

contracts. *See McGuire v. LORD Corp.*, 456 F. Supp. 3d 729, 739 (E.D.N.C. 2020) ("Settlement releases are analyzed under ordinary contract principles, based upon the appropriate state's law for guidance, in the absence of statutorily-mandated requirements for waiver of some types of federal claims"). First, Plaintiff's assertion that the case "is not about the four corners of the waiver documents" (DE 16, page 4), misinterprets *Carolina Power & Light Co. v. Bowman*, which states that "[i]t is the general law of contracts that the purport of a written instrument is to be gathered from its four corners, and the four corners are to be ascertained from the language used in the instrument." 229 N.C. 682, 693-94, 51 S.E.2d 191, 199 (1949). Instead of looking at the four corners of the Release to determine what the express language of the document states, Plaintiff proclaims the "language of the [R]elease is irrelevant" and urges this Court to ignore the terms of the contract to which Plaintiff agreed upon advice of counsel. Instead, Plaintiff urges the Court to accept her unsupportable legal conclusion that the Release is "invalid." (DE 16, page 4).

In further support of her contention that this lawsuit is not barred by Plaintiff's admittedly valid signature on the Release, Plaintiff cites *Hall v. Sinclair Ref. Co.*, 242 N.C. 707, 89 S.E.2d 396 (1955) and relies on the misquoted legal assertion that "[c]ontracts exempting persons from liability for negligence are not favored by the law[.]" (DE 16, page 4). *Hall* is inapplicable to this case, however, as it addresses the enforceability of a signed release concerning potential *future* liability, not a release of *past* claims. *Hall*, 242 N.C. at 708-09, 89 S.E.2d at 397 (analyzing defendant's argument that the terms of the equipment rental agreement and delivery receipts executed by the plaintiff prior to installation of the equipment barred plaintiff from asserting its causes of action). Moreover, Plaintiff fails to disclose the entire quote from *Hall*, which goes on to state that "nevertheless, **the majority rule, to which we adhere,** is that, subject to certain limitations hereinafter discussed, a person may effectively bargain against liability for harm caused

by his ordinary negligence in the performance of a legal duty arising out of a contractual relation." *Id.* at 709, 89 S.E.2d at 397 (emphasis added) (citations omitted). Even if the Court were to find *Hall* relevant, pursuant to the "majority rule" it is permissible for a party such as the City to bargain against harm caused by negligence. Therefore, the City's negotiations with Plaintiff and the language of the Release constitute a contractual waiver of all of Plaintiff's claims against the City.

Plaintiff also relies on *Kelly v. United States*, 809 F. Supp. 2d 429 (E.D.N.C. 2011) in support of her contention that the City "has an uphill battle" with asserting the affirmative defense that Plaintiff's signed Release constitutes a waiver of her causes of action. (DE 16, page 4). However, *Kelly* clearly is not applicable to this case as it pertains to the enforceability of a liability waiver executed by an adult on behalf of a minor. *See Kelly*, *supra,* 809 F. Supp. 2d. at 434 (concerning a fifteen-year-old high school student who participated in Navy Junior Reserve Officer Training Corps and signed a waiver of liability prior to attending an orientation visit at Camp Lejeune). The issue before the Court in *Kelly* concerned the enforceability of a Release signed by an adult in exchange for monetary compensation: "The question now turns on whether, under North Carolina law, a liability waiver signed by a parent on behalf of a minor child is enforceable…." *Id.,* at 434-35. Thus, *Kelly* is wholly irrelevant to the case *sub judice.*

Additionally, Plaintiff's assertion that there can be no waiver of her claims if there was undue influence when she signed the Release is insufficient as it is an unacceptable conclusory statement which is not supported by any cite to legal authority or facts alleged by Plaintiff in her Amended Complaint. (DE 14). *See Doe v. United States*, 381 F. Supp. 3d 573, 590 (M.D.N.C. 2019). (Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a 12(b)(6) Motion to Dismiss. (*quoting*

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).[1] Finally, dismissal pursuant to Rule 12(b)(6) is appropriate because the face of the Amended Complaint clearly reveals the existence of a meritorious affirmative defense of contractual waiver. *See Richmond, Fredericksburg, & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

### B. Plaintiff has failed to dispute that Defendant satisfied the three elements necessary to establish the existence of an accord and satisfaction.

Despite Plaintiff's contentions that the Court is not "empowered to" determine the existence of an accord and satisfaction until summary judgment (DE 16, page 6), *Cruthirds* states that the affirmative defense of accord and satisfaction is a "perfect defense" which may be evaluated and decided by the Court upon a motion to dismiss. *See Cruthirds v. Lacey*, No. 5:14-CV-00260-BR, 2017 WL 3754764, at *3-4 (E.D.N.C. Aug. 30, 2017) (granting defendant's motion to dismiss plaintiff's claim for breach of contract because the face of the amended complaint established that the settlement agreement constituted a valid accord and satisfaction of plaintiff's claims; therefore, the court was barred from considering a later lawsuit on the same claims).

Further, Plaintiff's Response fails to refute the City's cited authorities in its Motion to Dismiss (DE 15, 15-1) showing that it satisfied its burden of establishing the three elements necessary to prove there was an accord and satisfaction. *See Cruthirds*, 2017 WL 3754764, at *3 (E.D.N.C. Aug. 30, 2017) (describing the elements a defendant must prove in order to establish an accord and satisfaction between the parties). Rather, Plaintiff's argument focuses on irrelevant and unpersuasive theories of unequal bargaining power and the inability of her attorney to negotiate more effectively on her behalf. (DE 16, pages 5-6).

---

[1] As demonstrated by Defendant in its Memorandum of Law in Support of Defendant's Motion to Dismiss, Plaintiff did not allege facts necessary to state a claim for undue influence in her Amended Complaint. *See* DE 15-1, Section III.A, pp. 13-15.

4872-7855-2950, v. 1

In an attempt to support her argument related to alleged unequal bargaining power, Plaintiff is only able to cite to the dissent in an irrelevant case related to a plaintiff's allegations that a Maryland statute that prohibited price gouging in the sale of prescription drugs violated the dormant Commerce Clause. *See generally Ass'n for Accessible Medicines v. Frosh*, 887 F.3d 664 (4th Cir. 2018). But the dissent in *Frosh* is wholly unrelated to the case *sub judice*, which involves the terms of a negotiated settlement agreement. Moreover, dissenting opinions are not binding precedent. *See Lanvale Properties, LLC v. Cnty. of Cabarrus*, 366 N.C. 142, 157, 731 S.E.2d 800, 811 (2012) (dissenting opinions are not binding precedent); *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir.), *cert. denied*, 142 S. Ct. 716, 211 L. Ed. 2d 403 (2021) (stating that dictum is not binding); *Preston v. McDowell Cnty.*, 2006 WL 3434928, at *6 (W.D.N.C. Nov. 28, 2006) (dissenting opinions are nothing more than mere dicta). Additionally, Plaintiff provides no authority in support of her assertion that the Release could be "set aside" by a jury upon a finding of undue influence.

Based on the facts as alleged in the Amended Complaint, Plaintiff concedes that there was a bona fide dispute between the parties regarding the amount of money Plaintiff should receive from the City. (DE 14, ¶ 88). Despite Plaintiff's contentions that $45,000 was insufficient to cover all of her damages, Plaintiff and the City reached an agreement as memorialized in the terms of the Release. (DE 14, ¶¶ 54, 61-63). Plaintiff presents a rhetorical question to the Court when she asks, "what difference does having an attorney make in this scenario?" (DE 16, page 5). It is well-settled that Plaintiff's representation by an attorney is an element that may be considered by this Court in determining if there is a mutual agreement between the parties. *See Cruthirds*, *supra,* at *4. Finally, it is undisputed that the City paid Plaintiff the full $45,000 as promised upon Plaintiff's signing of the Release, and Plaintiff used these settlement funds to pay for the restorations to her

home. (DE 14, ¶¶ 86-88). For all of these reasons, the City has met its burden of proving that the Plaintiff's Amended Complaint should be dismissed as the City has satisfied the requirements of establishing the affirmative defense of accord and satisfaction.

## II. Plaintiff has failed to sufficiently allege a 42 U.S.C. § 1983 cause of action.

Plaintiff's Response failed to identify any alleged official policy or custom of the City that allegedly caused an "unlawful taking in derogation or violation of the Fifth Amendment of the United States Constitution." (DE 14, ¶ 151). *See Davis v. Durham Mental Health Developmental Disabilities Substance Abuse Area Auth.,* 320 F. Supp. 2d 378, 403 (M.D.N.C. 2004); *see also Nance v. City of Albemarle, North Carolina*, 520 F. Supp. 3d 758, 77 (M.D.N.C. 2021)(Plaintiffs' threadbare recitals of the elements of a cause of action have not plausibly alleged Defendant City should be held liable for the alleged Fourteenth Amendment violations pursuant to Section 1983 where Plaintiffs failed to adequately identify a custom or policy upon which Section 1983 liability could be based).. Instead, Plaintiff states that the City's policies and procedures "will be demonstrated after discovery." (DE 16, page 7). Plaintiff's assertion is insufficient as "municipal liability will attach only to those policies or customs having a '*specific* deficiency or deficiencies … such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citation omitted). Additionally, "[t]he challenged policy or custom cannot merely be the abstract one of violating citizens' constitutional rights." *Id.* (citation omitted).

Rather than identify any policy of the City, Plaintiff's Response lists examples of policies that Plaintiff alleges the City could have had. Plaintiff contends that the City *could have* maintained the sewer line differently and *could have* required backflow preventers throughout the City sewer system. (DE 14, ¶¶ 160-161). Merely alleging that the City has the authority to decide to implement

6

4872-7855-2950, v. 1

certain hypothetical policies, however, is no basis to say that the City's existing polices caused her injury. Further, the allegation that the City paid to install a "backwater valve" (DE 14, ¶ 63) is insufficient to make the conclusory argument that "the City has a related program for installing the backflow preventer that it should have already installed . . . ." (DE 16, page 8). That allegation is also flatly contradicted by Plaintiff's Amended Complaint. The Amended Complaint indisputably establishes that Plaintiff retained Roby to work on her sewer pipes and backflow preventer, a decision she admits she made without consulting the City, and that she was dissatisfied with Roby's work after they installed "new pipes" that jutted from the ground and failed to install any "natural-appearing fixtures" to cover these pipes. (DE 14, ¶¶ 91, 99). In Plaintiff's Response, however, she attempts to assert the City installed this permanent structure, in contradiction of her own allegations. (DE 16, pages 8-9).

Even if the Court construed Plaintiff's allegations as contending that some City employee made an error in responding to the sewer backup at Plaintiff's home, that cannot be the basis for a § 1983 violation. First, Plaintiff's property damage arose from the sewer backup itself, not the City's Sewer Backup Plan, Second, "[i]t is well settled that 'isolated incidents' of unconstitutional conduct by subordinate employees are not sufficient to establish a custom or practice for § 1983 purposes." *Lytle v. Doyle*, 326 F.3d 463, 473 (4th Cir. 2003) (citation omitted). "Rather, there must be '**numerous particular instances**' of unconstitutional conduct in order to establish a custom or practice." *Id.* (emphasis added) (*citing Kopf v. Wing,* 942 F.2d 265, 269 (4th Cir. 1991)). Plaintiff's Response fails to establish more than just an "isolated incident" of alleged unconstitutional conduct. Her assertion that her neighbor was also offered the same pre-printed waiver is insufficient to "establish a policy" of the City (DE 16, page 9), including because Plaintiff's

allegations related to her neighbor arise out of the same February 15, 2022 backflow occurrence. (DE 14, ¶¶ 24, 41).

Finally, Plaintiff attempts to conflate the City's "Sewer Backup Plan" (the "Plan"), which is used to compensate citizens in the event of a sewage backup, with an alleged unidentified policy of the City that Plaintiff claims allows and/or enables sewage backups to occur in violation of citizens' constitutional rights. (DE 16, page 8). Importantly, the law is clear that it is the Plaintiff's burden to allege a policy or custom of the City with a "*specific* deficiency" that is likely to "make the *specific* violation almost bound to happen[.]" *Carter*, *supra,* 164 F.3d at 218. Neither Plaintiff's Amended Complaint nor Plaintiff's Response identify any policy, custom, or even a specific deficiency sufficient to allege a cause of action pursuant to § 1983. To the extent that Plaintiff seeks to amend her Amended Complaint in her Response by raising new allegations, this is impermissible *See S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). Based upon the authorities and reasoning set forth herein, Plaintiff's putative federal constitutional claims against the City of Charlotte are subject to dismissal.

### III. Alternatively, each of Plaintiff's state law claims for relief fail to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)

Plaintiff's Response is unclear and unpersuasive as to why each of Plaintiffs' claims is not subject to dismissal based upon Plaintiff's failure to sufficiently plead in a manner to state a claim for undue influence, negligence, private nuisance, or inverse condemnation. Moreover, Plaintiff's Response incorrectly attempts to bolster her insufficient, conclusory allegations with additional facts not asserted in her Amended Complaint (DE 16, pages 16-18), which is impermissible. The Court may not consider these facts in evaluating the sufficiency of Plaintiff's Amended Complaint

4872-7855-2950, v. 1

and they should be disregarded. *See S. Walk at Broadlands Homeowner's Ass'n, supra, Vecchione v. Pro. Recovery Consultants, Inc.*, No. 1:13-CV-584, 2014 WL 12588495, at *4 (M.D.N.C. May 19, 2014); *see also, Aerospace Mfg., Inc. v. Clive Merch. Grp., LLC*, 1:05-CV-00597, 2006 WL 1476906, at *4 n.4 (M.D.N.C. May 23, 2006) ("[T]he Court cannot rely on facts alleged in a Plaintiff's response brief when evaluating the legal sufficiency of a complaint on a motion to dismiss.").

Here, Plaintiff's Amended Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Rather, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling [it] to relief, i.e., the 'plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). Under the applicable standard of review, Plaintiff's Amended Complaint fails to state a plausible claim for relief and is subject to dismissal.[2]

## CONCLUSION

For all of the foregoing reasons, and based upon the arguments and authorities set forth in Defendant's Motion to Dismiss and Memorandum of Law in Support, Defendant City of Charlotte respectfully requests that the Court GRANT Defendant's Motion to Dismiss and DISMISS each of Plaintiff's claims with prejudice, and award Defendant any further relief deemed warranted by the Court.

---

[2] Defendant respectfully refers the Court to Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss, DE 15-1, Section III., pages 13 – 24, which sets forth the authorities upon which Defendant relies to establish that Plaintiff's Amended Complaint fails to plead a claim for relief that is plausible on its face.

This the 10th day of August, 2023.

          **CRANFILL SUMNER LLP**

      BY: */s/Stephanie H. Webster*
         Stephanie H. Webster, NC Bar No. 12164
         Ariella Z. Walsh, NC Bar No. 55047
         *Attorneys for Defendant City of Charlotte*
         Post Office Box 30787
         Charlotte, North Carolina 28230
         Telephone: (704) 332-8300
         Facsimile: (704) 332-9994
         swebster@cshlaw.com
         awalsh@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANT CITY OF CHARLOTTE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send electronic notification of the filing to the following:

    M. Shane Perry
    Collum & Perry
    109 W. Statesville Ave.,
    Mooresville, NC 28115
    shane@collumperry.com
    *Attorney for Plaintiff*

This the 10th day of August, 2023.

        **CRANFILL SUMNER LLP**

BY:   */s/Stephanie H. Webster*
        Stephanie H. Webster, NC Bar No. 12164
        Ariella Z. Walsh, NC Bar No. 55047
        *Attorneys for Defendant City of Charlotte*
        Post Office Box 30787
        Charlotte, North Carolina 28230
        Telephone: (704) 332-8300
        Facsimile: (704) 332-9994
        swebster@cshlaw.com
        awalsh@cshlaw.com