UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-83-MOC

| STEPHANIE WALKER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| CITY OF CHARLOTTE, NORTH CAROLINA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on a motion to dismiss, filed by Defendant City of Charlotte, (Doc. No. 15), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

The following allegations by Plaintiff are taken as true and construed in favor of Plaintiff on the pending motion to dismiss:

Plaintiff Stephanie Walker filed this action on February 13, 2023. (Doc. No. 1). On May 2, 2023, Plaintiff filed her Amended Complaint. (Doc. No. 14). Plaintiff brings claims under N.C. GEN. STAT. § 40A-51 for Inverse Condemnation and 42 U.S.C. § 1983 for alleged violations of her Fifth and Fourteenth Amendment rights, as well as for undue influence, negligence, and private nuisance.[1] (Id. ¶¶ 102–170). Plaintiff also seeks compensatory relief, punitive damages, attorneys' fees, interest, and a judgment that sets aside any waiver of rights

---

[1] The parties are well versed in the underlying facts; thus, the Court does not repeat them here.

1

signed by Plaintiff at a time when she was represented by counsel. (Id. p. 21 ¶¶ 1–9).

Defendant filed the pending motion to dismiss on July 17, 2023. (Doc. No. 15). Plaintiff filed a Response on July 27, 2027, and Defendant filed a Reply on August 19, 2023. (Doc. Nos. 16, 19). The court held a hearing on the motion on October 23, 2023. This matter is ripe for disposition.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

## III.    DISCUSSION

Here, Defendant argues that Plaintiff's signing of a Release and acceptance and use of the $45,000 in settlement funds constitute a waiver of the claims she seeks to assert in this lawsuit. In response, Plaintiff argues that the issue of undue influence is usually reserved for the jury, and the Court should therefore deny the motion to dismiss. Here, as the Court stated in open court

during the hearing on the motion to dismiss, the Court will allow this matter to go to discovery on the issue of undue influence. That is, the parties may conduct discovery on the circumstances surrounding the settlement agreement in this matter.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Defendant's motion to dismiss.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss, (Doc. No. 15), is **DENIED**.

Signed: December 4, 2023

*[signature]*

Max O. Cogburn Jr.
United States District Judge