UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:23-cv-83-MOC-DCK

STEPHANIE WALKER,  )
                   )
       Plaintiff,  )
                   )         **DEFENDANT CITY OF**
v.                 )         **CHARLOTTE'S ANSWER**
                   )         **PLAINTIFF'S AMENDED**
CITY OF CHARLOTTE, )         **COMPLAINT**
                   )
       Defendant.  )

NOW COMES Defendant, City of Charlotte (hereinafter "Defendant"), by and through undersigned counsel, and hereby responds to Plaintiff's Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Defendant pleads all applicable immunities to which it may be entitled by operation of law and in bar of Plaintiff's claims herein, including, but not limited to, governmental immunity.

**THIRD DEFENSE**

In response to Plaintiff's Summary of the Action and the individually numbered paragraphs of Plaintiff's Amended Complaint, Defendant states as follows:

**JURISDICTION AND VENUE**

1. The allegations contained in this paragraph call for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

2. The allegations contained in this paragraph call for a legal conclusion for which no response is required. To the extent a response is deemed necessary, denied.

3.   The contents of this paragraph are a statement which do not contain an allegation and thus, no response is required. Further, to the extent that a Memorandum of Action was filed with the Mecklenburg County Register of Deeds, Book 37931, Page 34, it is a document which speaks for itself. To the extent a response is required, or the contents of paragraph 3 of the Amended Complaint contradict the document, denied.

## PARTIES

4.   Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

5.   Denied for lack of information or belief.

6.   Admitted.

7.   The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

8.   The allegations contained in this paragraph contain the legal conclusions of the pleader to which no response is required. To the extent a response is deemed necessary, denied as stated.

## FACTS

9.   Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

10.  Denied for lack of information or belief.

11.  Defendant admits that Charlotte Water provides sanitary sewer services to its customers who receive billing for such services. Except as admitted, denied as stated.

12.  Defendant admits that Plaintiff is a customer of Charlotte Water. Except as admitted, denied as stated.

13. This paragraph contains the legal conclusions of the pleader, to which no response is required. To the extent that a response is deemed necessary, denied as stated.

14. Defendant admits upon information and belief that the City operates the sewer main adjacent to Ms. Walker's property. Except as admitted upon information and belief, denied for lack of information or belief.

15. Admitted upon information and belief.

16. Admitted upon information and belief.

17. Denied for lack of information and belief.

18. The allegations of this paragraph are the legal conclusions of the pleader to which no response is required. To the extent a response is deemed necessary, denied as stated.

19. The allegations of this paragraph are the legal conclusions of the pleader to which no response is required. To the extent a response is deemed necessary, denied as stated.

20. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied as stated.

21. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied as stated.

22. Denied as stated.

23. Defendant admits upon information and belief that on or about February 15, 2022, a third party caused a roll of sheetrock tape to find its way into the sanitary sewer system causing a clog and as a result there was a backflow into Plaintiff's residence. Except as admitted upon information and belief, denied as stated.

24. Denied for lack of information and belief.

25. Defendant admits that there was a backflow of sewage into Plaintiff's residence and damage resulted, and Defendant avers that Plaintiff was adequately compensated by Defendant for any alleged real and personal property damage based upon her execution of a Release of All Claims with the guidance of Plaintiff's counsel. Except as admitted, denied as stated.

26. Denied for lack of information or belief

27. Denied for lack of information or belief.

28. It is admitted that Defendant offered Plaintiff $15,000 pursuant to its renumeration policy. Except as admitted, denied as stated.

29. Denied as stated.

30.-33. Denied for lack of information or belief.

34.-39. The "IAR" document referenced in these paragraphs is a document which speaks for itself. To the extent the allegations in these paragraphs of the Amended Complaint contradict the written document, they are denied.

40. Denied for lack of information or belief.

41. Denied for lack of information or belief.

42. Admitted.

43.-49. Denied for lack of information or belief.

50. Defendant admits that Plaintiff was represented by Plaintiff's counsel in the instant lawsuit who negotiated with Defendant on Plaintiff's behalf regarding alleged damaged to her home and personal property.

51-55. Defendant admits that there was an email exchange between Plaintiff's counsel and Defendant's in-house counsel in the course of negotiations on Plaintiff's behalf by her counsel herein, Shane Perry. Defendant admits further that these emails are written documents which speak

for themselves, and to the extent that the allegations in paragraphs 51-55 of the Amended Complaint are inconsistent with the content of the written documents and emails, such allegations are denied.

56. Denied for lack of information or belief.

57. Defendant admits Plaintiff's counsel continued to advocate on her behalf with Defendant's in-house counsel prior to filing this lawsuit and ultimately, following said negotiations between Plaintiff's counsel and in-house counsel for the City, Plaintiff was compensated in the amount of $45,000.00 for all alleged damages to her house and personal property, after which Plaintiff, with advice of her counsel, signed a Release of All Claims against Defendant. Defendant admits further that any written document referred to in this paragraph of Plaintiff's Amended Complaint speaks for itself and to the extent that any allegation in this paragraph of the Amended Complaint is inconsistent with the written document, such allegations are denied. Except as admitted, denied as stated.

58. Defendant admits that the complete waiver of all claims referred to in this paragraph is a written document which speaks for itself. To the extent that any allegation in this paragraph of the Amended Complaint is inconsistent with the written document, such allegations are denied. Except as admitted, denied as stated.

59. Defendant admits that its in-house counsel provided a Release of All Claims ("RAC") to counsel for Plaintiff, Shane Perry. The RAC referenced in this paragraph is a written document which speaks for itself. Except as admitted, denied as stated.

60. The Release of All Claims ("RAC") referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied. Defendant further denies that the RAC forced

Plaintiff to waive any and all claims against Defendant and avers that Plaintiff executed the RAC knowingly with the advice of counsel, Shane Perry, at each step of the negotiations related to payment by Defendant to Plaintiff of $45,000.00.

61.-63. The communications referenced in these paragraphs are written documents which speak for themselves. To the extent the allegations in these paragraphs of the Amended Complaint contradict the documents, the same are denied.

64. Denied.

65. Denied.

66. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied.

67. Denied.

68. Denied as stated.

69. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied.

70. Denied.

71. Denied as stated.

72. Denied as stated.

73-75. Denied for lack of information or belief.

76. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations of this paragraph of the Amended Complaint contradict the written document, they are denied.

77. Defendant admits Plaintiff was required to sign the RAC before funds would be disbursed. Except as admitted, denied as stated.

78. Defendant admits Plaintiff signed the RAC with the guidance of counsel, Shane Perry. Except as admitted, denied for lack of information or belief.

79. Admitted.

80. Defendant admits that the RAC that had been edited by Plaintiff, upon information and belief, with the advice of counsel was insufficient and that Defendant requested that Plaintiff sign an unedited version of the RAC. Except as admitted, denied.

81. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied.

82. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied.

83. Defendant admits it accepted the unedited version of the RAC that Plaintiff signed. Further, Defendant denies that Plaintiff signed the RAC under undue influence as she did so with the advice and guidance of counsel, Shane Perry. Except as admitted or denied, denied.

84. Denied.

85. The communication referenced in this paragraph is a written document which speaks for itself. To the extent the allegations in this paragraph of the Amended Complaint contradict the written document, they are denied.

86. It is admitted that Defendant paid Plaintiff $45,000 after she signed the RAC. Except as admitted, denied for lack of information or belief.

87. Denied for lack of information or belief.

88. Denied.

89. Denied.

90-93. Denied for lack of information or belief.

94. Denied.

95. Denied.

96. Denied.

97. Denied for lack of information or belief.

98. Denied for lack of information or belief.

99. Denied for lack of information or belief.

100. Defendant denies that Plaintiff's damages "continue apace," and the remainder of this paragraph of the Amended Complaint is denied for lack of information or belief.

101. Denied.

## **UNDUE INFLUENCE**

102. Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

103. Denied.

104. Denied, including all subparagraphs a – h.

105-107. Denied.

## **NEGLIGENCE**

108. Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

109. Admitted upon information and belief.

110. Defendant admits it owes a duty of reasonable care generally and avers it does not owe a special duty of care to any individual absent a special relationship, which did not exist between Plaintiff and Defendant. Further, Defendant denies it breached any duty owed to Plaintiff or that any alleged breach proximately caused Plaintiff's alleged injuries. Except as admitted or denied, the allegations of this paragraph of the Amended Complaint are denied.

111-123. Denied.

124. This paragraph of the Amended Complaint constitutes the legal conclusions of the pleader, to which no response is required. To the extent that a response is deemed necessary, denied.

## PRIVATE NUISANCE

125. Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

126. Admitted upon information and belief.

127. Denied.

128. Denied.

129. Denied for lack of information or belief.

130. Denied.

131. Denied.

## INVERSE CONDEMNATION OF A TEMPORARY SEWAGE EASEMENT
## N.C. GEN. STAT. § 40A-51

132. Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

133. Denied for lack of information or belief. Defendant further denies that Exhibit A was attached to Plaintiff's Amended Complaint. Defendant avers that to the extent a Memorandum of Action was filed with the Mecklenburg County Register of Deeds, Book: 37931, Page: 34, it is a

written document which speaks to itself and to the extent the contents of this paragraph of the Amended Complaint contradict the document, such allegations are denied.

134. This paragraph constitutes the pleader's legal characterization of Plaintiff's claim to which no response is required. To the extent that a response is deemed necessary, denied.

135. Denied.

136. Defendant admits that it is a municipal corporation created pursuant to state law and that any authority the City possesses is based upon state legislation allowing it to act. Except as admitted, denied as stated.

137. Denied for lack of information or belief.

138-141. Denied.

142. Defendant admits that a sanitary sewer system is designed to take wastewater away from homes and businesses to treatment facilities. Except as admitted, denied as stated.

143-145. Denied.

## **VIOLATION OF 42 U.S.C. § 1983**

146. Defendant's responses to the preceding paragraphs are incorporated by reference as if set forth fully herein.

147. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

148. The allegations contained in this paragraph call for a legal conclusion to which no response is required. To the extent a response is deemed necessary, denied.

149-161. Denied.

162. Denied as stated.

163-170. Denied.

## DEMAND FOR JURY TRIAL

171. Defendant denies that Plaintiff is entitled to a trial or jury trial on any claims asserted in the Amended Complaint.

EACH AND EVERY OTHER ALLEGATION CONTAINED IN THE AMENDED COMPLAINT WHICH HAS NOT BEEN SPECIFICALLY ADMITTED OR OTHERWISE RESPONDED TO HEREIN, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, IS HEREBY DENIED.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant should be barred or reduced to the extent Plaintiff failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant did not breach any duty owed to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of accord and satisfaction, payment, release, waiver, estoppel and/or discharge in bar of all claims asserted against Defendant by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Upon information and belief, if Plaintiff has been damaged as alleged, which is denied, then, upon information and belief, such damages arose as a result of acts or omissions of others over whom Defendant had no control or which occurred after Defendant had fully performed its obligations, if any. The acts or omissions of others were superseding and/or intervening proximate causes of any damages allegedly suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's conduct was not the proximate cause of any alleged injuries or damages suffered by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead punitive damages with the specificity and particularity required by Rule 9(k) of the North Carolina Rules of Civil Procedure and Plaintiff is not otherwise entitled to punitive damages against Defendant.

### TENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's purported claim for punitive damages, Defendant avers that punitive damages are unconstitutional on the grounds that an award of punitive damages would contravene provisions of the United States Constitution and the North Carolina Constitution. Further, Defendant is informed and believes that there are no facts supporting Plaintiff's purported claims for punitive damages, such that Defendant is entitled to an award of reasonable attorney's fees for the defense of the punitive damages claim as provided by N.C.G.S. § 1D-45.

### ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Defendant was negligent, which is again denied, and that such negligence was a direct and proximate cause of the injuries allegedly sustained by the Plaintiff, then it is alleged that the Plaintiff herself was negligent and/or grossly negligent and that such negligence and/or gross negligence was the proximate cause of Plaintiff's injuries or damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged injuries, if any, resulted from other intervening, insulating, superseding acts of negligence by Plaintiff and/or others. Any fault or negligence on the part of

the Defendant, which is explicitly denied, was passive and secondary to the primary, active, and superseding fault of the Plaintiff and others as may be shown by the evidence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant specifically reserves the right to amend this Answer and to assert additional affirmative defenses as the claims of the Plaintiff are more fully disclosed during the course of this litigation.

WHEREFORE, having answered the Amended Complaint, Defendant prays as follow:

1. That Plaintiff have and recover nothing of Defendant and that this action be dismissed with prejudice.

2. That Defendant have and recover its costs in this action.

3. FOR A TRIAL BY JURY ON ALL ISSUES OF FACT SO TRIABLE HEREIN.

4. For such other and further legal and equitable relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this the 8th day of January, 2024.

        **CRANFILL SUMNER LLP**

BY:   */s/Stephanie H. Webster*
Stephanie H. Webster, NC Bar No. 12164
Ariella Z. Walsh, NC Bar No. 55047
*Attorneys for Defendant City of Charlotte*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
swebster@cshlaw.com
awalsh@cshlaw.com

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANT CITY OF CHARLOTTE'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send electronic notification of the filing to the following:

M. Shane Perry
Collum & Perry
109 W. Statesville Ave.,
Mooresville, NC 28115
shane@collumperry.com
*Attorney for Plaintiff*

This the 8th day of January, 2024.

           **CRANFILL SUMNER LLP**

BY: */s/Stephanie H. Webster*
   Stephanie H. Webster, NC Bar No. 12164
   Ariella Z. Walsh, NC Bar No. 55047
   *Attorneys for Defendant City of Charlotte*
   Post Office Box 30787
   Charlotte, North Carolina 28230
   Telephone: (704) 332-8300
   Facsimile: (704) 332-9994
   swebster@cshlaw.com
   awalsh@cshlaw.com