UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:23-cv-83-MOC-DCK

| | | |
|---|---|---|
| STEPHANIE WALKER, | ) | |
| | ) | **DEFENDANT CITY OF** |
| Plaintiff, | ) | **CHARLOTTE'S REPLY TO** |
| v. | ) | **PLAINTIFF'S RESPONSE IN** |
| | ) | **OPPOSITION TO DEFENDANT'S** |
| CITY OF CHARLOTTE, | ) | **MOTION TO DISQUALIFY** |
| | ) | **PLAINTIFF'S COUNSEL** |
| Defendant. | ) | |

COMES NOW the undersigned, as counsel for Defendant City of Charlotte, and hereby respectfully submits Defendant City of Charlotte's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Disqualify Plaintiff's Counsel. Based upon the facts and authorities submitted in Defendant's Memorandum of Law in Support of Defendant's Motion to Disqualify Plaintiff's Counsel [Doc. 61-1] and those relied upon herein, Defendant submits that Plaintiff's counsel should be disqualified as acting as an advocate at trial pursuant to this Court's inherent authority and North Carolina Rule of Professional Conduct 3.7(a).

## I. <u>INTRODUCTION</u>

The entirety of Plaintiff's Response in Opposition [Doc. 62] reframes Defendant's Motion [Doc. 61] into a dispute about attorney-client privilege that Defendant never raised. *Id.* Plaintiff's Response in Opposition repeatedly argues that attorney-client communications are privileged and that he cannot be compelled to disclose legal advice. But Defendant's Motion seeks no such relief.

The issue under N.C. Rule of Professional Conduct Rule 3.7(a) is whether Plaintiff's counsel, Mr. Perry, is a necessary witness to material disputed facts, not whether privileged communications are discoverable. Defendant's Memorandum of Law [Doc. 61-1] focuses on Mr. Perry's role in the negotiations, his first-hand observations, the transmission of the releases, his communications with the City, and the circumstances surrounding execution of the releases. The

Court can disqualify Mr. Perry under Rule 3.7(a) and still maintain attorney-client communications as privileged.

## II.    LEGAL ARGUMENT

### A.  Defendant is Not Seeking Disclosure of Privileged Legal Advice

Defendant is not seeking disclosure of privileged legal advice, attorney work product, or mental impressions. Rather, Defendant's Motion sought only to prevent Plaintiff's counsel from simultaneously serving as an advocate at trial and a fact witness on a key disputed fact that the Fourth Circuit ruled must go to a jury – that of whether Plaintiff was subjected to undue influence by Defendant. Plaintiff's Response in Opposition ignores a key principle: privilege and disqualification are separate inquiries. Counsel may possess and protect privileged communications while also being a necessary witness to non-privileged facts and events.

Non-privileged matters that Plaintiff's counsel will be called upon to testify about in his deposition and at trial include, for example:

- Why he "conceded that he was entirely unable to aid Plaintiff" in negotiations as noted by the Fourth Circuit. *See Walker v. City of Charlotte*, No. 25-1334, 2026 WL 949994, at *6 (4th Cir. Apr. 8, 2026);

- Why counsel was unable to protect Plaintiff from alleged undue influence by the City;

- Counsel's knowledge of his direct negotiations with the City;

- Counsel's communications of Plaintiff's circumstances to the City;

- What conduct of the City during counsel's negotiations with the City could be considered overbearing;

- Statements made by counsel which were relied upon by the Fourth Circuit; and

- Circumstances surrounding counsel's transmission of Plaintiff's Releases to the City.

4896-6152-5692, v. 1

Counsel's Response in Opposition ignores the reality that this testimony is available solely from him based upon his direct involvement in negotiations with the City. *See Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp.,* 659 F.2d 1259, 1273 (4th Cir. 1981) ("The roles of witness and advocate are fundamentally inconsistent and when ... a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy."); *see also United States v. Morris,* 714 F.2d 669, 671 (7th Cir. 1983) (explaining that the general prohibition against counsel acting both as an advocate and as a witness "eliminates the possibility that the attorney will not be a fully objective witness").

Plaintiff's counsel relies upon numerous cases for the principle that attorney-client communications and work product are protected. *See* Doc. 62, pp. 2 – 14. Defendant does not dispute this. However, this argument entirely misses the mark as does Plaintiff's argument that what matters here is whether Plaintiff had "independent advice." *Id.* Again, Defendant has not suggested that it seeks to delve into any advice received by Plaintiff.

Plaintiff's Response conflates two separate legal doctrines:

| Attorney-Client Privilege | Rule 3.7 (Lawyer as Witness) |
| --- | --- |
| Protects confidential communications between attorney and client. | Protects the integrity of the trial process when an attorney becomes a witness. |
| Concerned with what may be disclosed. | Concerned with who may serve as trial counsel. |
| Prevents compelled disclosure of privileged legal advice absent waiver or exception. | May require withdrawal even when privileged communications remain protected. |
| Evidence doctrine. | Professional-conduct and trial-integrity doctrine. |

The critical point is that a lawyer can be disqualified under Rule 3.7 even when attorney-client privilege fully remains in place. Asserting privilege does not answer the Rule 3.7 question.

Further, the Fourth Circuit's remand highlights that the settlement negotiations, execution of the releases, and the role of Plaintiff's counsel are central factual issues for trial. *See Walker,*

4896-6152-5692, v. 1

*supra,* 2026 WL 949994, at \*6 (4th Cir. Apr. 8, 2026). Plaintiff's counsel is not being called because he is Plaintiff's lawyer; he is being called because he is one of the principal actors in the events that the Fourth Circuit has directed a jury to evaluate – whether Plaintiff was subjected to undue influence by Defendant. Rule 3.7 exists precisely to address that circumstance.

Plaintiff's Response in Opposition entirely misapprehended Defendant's Motion by focusing on irrelevant authorities discussing privilege and is unresponsive to the Rule 3.7 concerns raised by Defendant. The authorities relied upon and discussed by Plaintiff at length pertaining to privilege and work product are inapposite and should be accorded no weight by the Court.

**B. <u>The Weight of Authority Supports Disqualification of Plaintiff's Counsel as an Advocate at Trial</u>**

In its Memorandum of Law in Support of Defendant's Motion to Disqualify Plaintiff's counsel, Defendant provided the Court with numerous in-Circuit cases that support disqualification of Plaintiff's counsel as an advocate at trial. In the interest of brevity, Defendant incorporates those authorities as if set forth herein. *See* Doc. 61-1.

Moreover, each of the cases relied upon by Plaintiff which rejected disqualification are readily distinguishable. For example, Plaintiff relies upon *Cole v. Champion Enterprises, Inc.*, 2006 WL 8447925, at \*7 (M.D.N.C. Aug. 25, 2006) for the proposition that he is not a necessary witness because Plaintiff can testify. [Doc. 62, pp. 9-10]. However, it is obvious that Plaintiff cannot testify as to her counsel's one on one negotiations with the City or why he was unable to aid her at all in the negotiations. Further, *Cole* was decided in part upon an attorney-client privilege issue, which as established herein, is not relevant to the Court's analysis of Defendant's Motion.

Plaintiff also relies upon *In re Bryant*, 677 B.R. 411, 416 (Bankr. M.D.N.C. 2026) which concluded: "Defendants may not disqualify opposing counsel based on a hypothetical need for counsel to testify at trial." However, Defendant has established that the need for Plaintiff's counsel

4896-6152-5692, v. 1

to testify is anything but hypothetical; rather, it is concrete as shown above given that Plaintiff's counsel is the only source from which the information can be obtained.

Plaintiff cites *State v. Monroe*, 287 N.C. App. 177, 181 (2022) (discussing Rule 3.7(a) of the North Carolina Rules of Professional Conduct) for the proposition that a "necessary witness" is one whose testimony is "relevant, material, and *unobtainable by other means*." *See* Doc 63, p. 4. Counsel's position that Defendant can obtain the necessary testimony from Plaintiff is unpersuasive as discussed above.[1] Then Plaintiff conflates that argument with the following: "With the fact of independent advice admitted, no witness is necessary at all. *See*, *Greene v. Lane*, 282 N.C. App. 734 (2022); *State v. Rogers*, 219 N.C. App. 296, 304 (2012)." Doc. 63, p. 4. Again, Defendant's Motion did not seek testimony related to any type of advice provided to Plaintiff.

Plaintiff also cited *Everbank Com. Fin., Inc. v. Hunoval L. Firm, PLLC*, 266 N.C. App. 617 (2019) in support of Plaintiff's position. *See* Doc. 62, p. 5. However, *Everbank* supports Defendant's position in that the Court disqualified counsel under Rule 3.7 from serving as an advocate at trial. *See* Doc. 62, p. 5.

In the matter before this Court, the Fourth Circuit held that there is a fact question on whether the Release was obtained through undue influence and that a jury should resolve this issue. This underscores the necessity of counsel's trial testimony and his inability to serve as an advocate at trial. This has been completely ignored in Plaintiff's Response in Opposition.

Plaintiff's Opposition assumes and argues that because certain attorney-client communications are privileged, Plaintiff's counsel cannot be a "necessary witness." This does not follow. In this case, there is no doubt that counsel's testimony is "relevant, material, and

---

[1] Indeed, Judge Cogburn noted that counsel could not be the lawyer as well as the witness. *See* Doc. 61-1, pp. 4-6.

4896-6152-5692, v. 1

unobtainable by other means." Further, Plaintiff will not be prejudiced inasmuch as trial has not been calendared and discovery is yet to be completed.

## **CONCLUSION**

Defendant has made the necessary showing that Plaintiff's counsel cannot serve as a trial advocate for Plaintiff and simultaneously as a necessary witness at trial. For the foregoing reasons, Defendant respectfully requests that the City's MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL be GRANTED prior to the entry of a Case Management Order in this case.

This the 13th day of July, 2026.

**CRANFILL SUMNER LLP**

BY: */s/ Stephanie H. Webster*
Stephanie H. Webster, NC Bar No. 12164
*Attorneys for Defendant City of Charlotte*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
swebster@cshlaw.com

6

4896-6152-5692, v. 1

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024 Standing Order of this Court In Re: Use of Artificial Intelligence, 3:24-mc-104, counsel, by signing above, submits the following certification regarding this Memorandum of Law in Support of Defendant's Motion for Summary Judgment.

1. No artificial intelligence was employed in performing the research for the preparation of this Memorandum of Law, with the exception of such artificial intelligence as may be embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg, as well as Google and Google Scholar; and

2. Every statement and every citation to an authority contained in this Memorandum has been checked by the undersigned as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

4896-6152-5692, v. 1

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day electronically filed the foregoing **DEFENDANT CITY OF CHARLOTTE'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL** with the Clerk of Court using the CM/ECF system which will send electronic notification of the filing to the following:

M. Shane Perry
Collum & Perry
109 W. Statesville Ave.,
Mooresville, NC 28115
shane@collumperry.com
*Attorney for Plaintiff*

This the 13th day of July, 2026.

**CRANFILL SUMNER LLP**

BY:     */s/ Stephanie H. Webster*
Stephanie H. Webster, NC Bar No. 12164
*Attorneys for Defendant City of Charlotte*
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
swebster@cshlaw.com

8

4896-6152-5692, v. 1