| | |
|---|---|
| STEPHANIE WALKER | |
| **Plaintiff** | |
| v. | **SURREPLY** |
| CITY OF CHARLOTTE, NORTH CAROLINA | |
| **Defendant** | |

**NOW COMES** Plaintiff, Stephanie Walker, by and through Counsel, and offers this Surreply in opposition to the Defendant's Reply. In support of the Surreply, the Plaintiff respectfully pleads following:

## ARGUMENT

The Defendant filed its Reply Brief in Support of its Motion to Disqualify Plaintiff's Counsel (Doc. 64) on July 13, 2026. In its Reply, Defendant states that it does not seek the advice Counsel gave to the Plaintiff during his representation of his client. This rings differently than the motion seems to request, but Ms. Walker and her Counsel appreciate that this is not the purpose of the motion.

The Defendant has pivoted its argument from "*what* did you say" to "*why* did you say it?" The Defendant's Reply seeks the following:

> Non-privileged matters that Plaintiff's counsel will be called upon to testify about in his deposition and at trial include, for example:
> - Why he "conceded that he was entirely unable to aid Plaintiff" in negotiations as noted by the Fourth Circuit. *See Walker v. City of Charlotte*, 2026 WL 949994, at *6 (4th Cir. Apr. 8, 2026);
> - Why counsel was unable to protect Plaintiff from alleged undue influence by the City;
> - Counsel's knowledge of his direct negotiations with the City;

- Counsel's communications of Plaintiff's circumstances to the City;
- What conduct of the City during counsel's negotiations with the City could be considered overbearing;
- Statements made by counsel which were relied upon by the Fourth Circuit; and
- Circumstances surrounding counsel's transmission of Plaintiff's Releases to the City.

*Defendant's Reply Brief*, p. 2. But none of these are reasons to disqualify Plaintiff's Counsel.

**A. "Why he conceded that he was entirely unable to aid Plaintiff in negotiations."**

This is not relevant because it has nothing to do with the factors to be considered by the jury.

As stated in the Response, the factors relevant to the issue of undue influence include:

1. Old age and physical and mental weakness.
2. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.
3. That others have little or no opportunity to see [her].
4. That the will is different from and revokes a prior will.
5. That it is made in favor of one with whom there are no ties of blood.
6. That it disinherits the natural objects of [her] bounty.
7. That the beneficiary has procured its execution.

*In re Sechrest*, 140 N.C. App. 464, 469 (2000). None of those factors involve Counsel's understanding of the Defendant' impassivity. In fact, the answer lies with the Defendant. Only the Defendant knows why the impetrations of Plaintiff's counsel were unavailing. Plaintiff's Counsel could only speculate as to why the Defendant was unyielding. Counsel cannot be required to speculate about an irrelevant fact.

**B. "Why counsel was unable to protect Plaintiff from alleged undue influence by the City."**

Again, this is not among the factors of undue influence and nothing Counsel could possibly testify to. As in the previous question, Plaintiff's Counsel cannot know why he was unable to protect the Plaintiff; only the Defendant knows the answer to this question. Since Defendant's attorneys know the answer to this question and Plaintiff's Counsel does not, if the answer to this is relevant and not privileged, it might disqualify Defendant's attorneys.

2

**C. "Counsel's knowledge of his direct negotiations with the City."**

This smacks of a request for work product or privileged communications. Otherwise, the Defendant and its Counsel knows exactly the same information Plaintiff's Counsel knows about the negotiations. As this is information the Defendant has in its possession, this cannot be a reason to disqualify Counsel.

**D. "Counsel's communications of Plaintiff's circumstances to the City."**

The Defendant has all of this information is its possession and, as communications with a government body, it is all public record. It is unclear what the Defendant is seeking with this, but it also appears to be irrelevant to the factors of undue influence.

**E. "What conduct of the City during counsel's negotiations with the City could be considered overbearing."**

The Defendant can testify about its own conduct, and the jury can then consider those facts. The personal opinions of Plaintiff's Counsel concerning the Defendant's action are not for consideration by the jury and are completely irrelevant. The jury determines if the Plaintiff's will was "overborne" by the factors enumerated by North Carolina's Supreme Court. Also, the Defendant seems to be conflating the elements of duress with the elements of undue influence.

**F. "Statements made by counsel which were relied upon by the Fourth Circuit."**

Only the Fourth Circuit knows why it relied upon these statements. Counsel cannot speculate about this. At any rate, any facts communicated in these statements are public record and whatever these unnamed facts are can be considered by the jury because they are part of the record.

**G. "Circumstances surrounding counsel's transmission of Plaintiff's Releases to the City."**

Again, the "circumstances" relating to the transmission of Plaintiff's release are in the Defendant's possession and control. The release was sent by electronic mail. Every release by a

party that is transferred to the opposing party is done through counsel. If the Defendant's argument stands, Defense Counsel is also disqualified because its Counsel received the transmission. This argument is nonsensical. What about the transmission of the release that is not public knowledge is also not attorney work product or privileged information? The Defendant cannot elucidate and Counsel cannot be disqualified on a reason as specious as this.

The Defendant cannot enumerate a single topic that Plaintiff's counsel could testify to. If there are any facts that the Defendant would like Plaintiff's Counsel to stipulate to, Counsel would consider this. But Counsel cannot consent to testify about, or stipulate to, facts that are irrelevant, outside his personal knowledge, available elsewhere, privileged, or part of attorney work product.

**WHEREFORE,** because the Plaintiff has demonstrated that counsel is unnecessary for any fact determination and should not be disqualified, Ms. Walker respectfully prays that this Court **DENY** the Defendant's Motion and for such other and further relief that as this Court deems just.

**TODAY** is July 21, 2026.

**WILLIAMS & PERRY**

By:   */s/ M. Shane Perry*
M. Shane Perry
NC Bar Number: 35498
109 W. Statesville Ave.,
Mooresville, NC 28115
Telephone: 704-663-4187
shane@williamsperry.com
*Attorney for Plaintiff*

| | |
|---|---|
| STEPHANIE WALKER | |
| **Plaintiff** | |
| **v.** | **SURREPLY** |
| CITY OF CHARLOTTE, NORTH CAROLINA | |
| **Defendant** | |

## CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE

Pursuant to the June 18, 2024, Standing Order of this Court *in re: Use of Artificial Intelligence*, 3:24-MC-104, counsel, the undersigned affirms the following:

1. No artificial intelligence was employed in performing the research for the preparation of this Memorandum of Law, with the exception of such artificial intelligence as may be embedded in the standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this Memorandum has been checked by an attorney in this firm and/or a paralegal working at the case attorney's direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

**TODAY** is July 21, 2026.

**WILLIAMS & PERRY**

By:    */s/ M. Shane Perry*
        M. Shane Perry
        NC Bar No. 35498
        109 W. Statesville Ave.
        Mooresville, NC 28115
        Telephone: 704-663-4187
        shane@williamsperry.com
        *Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## Case No. 3:23-CV-83

| | |
|---|---|
| STEPHANIE WALKER | |
| **Plaintiff** | |
| v. | **SURREPLY** |
| CITY OF CHARLOTTE, NORTH CAROLINA | |
| **Defendant** | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically via CM/ECF with the United States District Court, Western District of North Carolina, with notification being sent electronically to all counsel of record, including:

**CRANFILL SUMNER LLP**

Stephanie H. Webster
Post Office Box 30787
Charlotte, North Carolina 28230
Telephone: (704) 332-8300
Facsimile: (704) 332-9994
swebster@cshlaw.com
*Attorney for Defendant City of Charlotte*

**TODAY** is July 21, 2026.

**WILLIAMS & PERRY**

By: /s/ *M. Shane Perry*
M. Shane Perry
NC Bar No. 35498
109 W. Statesville Ave.
Mooresville, NC 28115
Telephone: 704-663-4187
shane@williamsperry.com
*Attorney for Plaintiff*

6